UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS McARTHUR YATES,

    Plaintiff,

v.                                                         CASE NO: 8:07-cv-1144-T-23MAP

RYDER TRUCK RENTALS, et al.,

    Defendants.
_____/

## ORDER

Pursuant to Local Rule 6.01(c)(21), this matter was referred to the United States Magistrate Judge for a report and recommendation. Following the Magistrate Judge's September 12, 2007, report and recommendation (Doc. 9), the plaintiff objects (Doc. 10).

A *de novo* determination of those portions of the report and recommendation to which the plaintiff objects reveals that the objections either are unfounded or otherwise require no different resolution of the motions. Accordingly, the plaintiff's objections (Doc 10) are **OVERRULED** and the Magistrate Judge's report and recommendation (Doc. 9) is **ADOPTED**. The amended complaint (Doc. 7) is **DISMISSED WITHOUT PREJUDICE**. On or before **October 26, 2007**, the plaintiff shall file an amended complaint, which should (1) provide a "short and plain statement of the claims" as

required by Rule 8(a), Federal Rules of Civil Procedure,[1] (2) identify separately each claim for relief, (3) allege specific facts in support of each claim for relief against each defendant,[2] and (4) properly allege federal jurisdiction.  Failure to comply with this order will result in complete dismissal of the case without further notice for failure to prosecute.

ORDERED in Tampa, Florida, on October 11, 2007.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] For further information, the plaintiff is also directed to the Local Rules of the Middle District of Florida, which may be found at the "Forms and Publications" section of this court's website, http://www.flmd.uscourts.gov.

[2] The plaintiff is entitled to proceed *pro se*, and a pleading drafted by a *pro se* party is interpreted under less stringent standards than a pleading drafted by an attorney.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, "[e]ven in the case of *pro se* litigants . . . leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action."  GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).  The plaintiff is urged to obtain the assistance of counsel. Attached to this order is a **"Notice to Federal Pro Se Litigants"** from the Tampa Bay Chapter of the Federal Bar Association.  The plaintiff is encouraged to review the Notice and to contact the Federal Bar Association for assistance in prosecuting this action.